**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **AHMED GUMA ELTAYEB HUSSIEN,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1722-PRW** |
| **WARDEN, CIMARRON CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Ahmed Guma Eltayeb Hussien, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Patrick R. Wyrick referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Respondents

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

filed a response[3], Doc. 12, and Petitioner replied. Doc. 13. So the matter is at issue.

For the reasons set forth below, the undersigned recommends the Court grant the petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or release Petitioner from custody.

## I. Factual background and procedural history.[4]

Petitioner is a native and citizen of Sudan. Doc. 1, at 1. Petitioner entered the United States on December 24, 2023. *Id*. Petitioner was later placed in removal proceedings and applied for asylum, withholding of removal, and Convention Against Torture (CAT) protection. *Id*. at 4-5. On December 9, 2025, Immigration and Customs Enforcement took Petitioner into custody. *Id*. at 7.

On December 23, 2025, the Department of Homeland Security moved to pretermit Petitioner's applications for asylum, withholding of removal, and CAT protection, on the grounds that Petitioner was subject to the U.S.-Uganda Asylum Cooperative Agreement. *Id*. On January 22, 2026, an immigration

---

[3] The Warden of the Cimarron Correctional Facility, Chris Gantt, is not a federal official and the Government did not file its response on his behalf. Doc. 12.

[4] Respondents have not provided any documentation of Petitioner's immigration history, such as the Notice to Appear (NTA), a form I-213, or any other documents detailing Petitioner's initial entry into the United States or the circumstances of his December 2025 detention. *See* Doc. 12. The factual background accordingly reflects Petitioner's account.

judge (IJ) granted the motion to pretermit Petitioner's application and ordered him removed to Uganda. *Id*. Petitioner has appealed, and that appeal remains pending. *Id*. Petitioner never received an individualized bond hearing and remains in custody at the Cimarron Correctional Facility in Cushing, Oklahoma. *Id*. at 2, 8.

## II. Petitioner's claims.

Petitioner raises three grounds for relief: (1) unlawful detention without a custody hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226; (2) detention without a meaningful opportunity to be heard, in violation of the Fifth Amendment; and (3) unreasonably prolonged detention. *See* Doc. 1, at 10-13.

Petitioner seeks a custody redetermination hearing at which the government bears the burden of justifying Petitioner's continued detention. *Id*. at 14. Petitioner also requests a judgment declaring that Petitioner's detention without a hearing is unlawful and any other relief the court deems just. *Id*.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner asserts in part that the Government's continued detention of him without an individualized custody determination violates his due process rights. Doc. 1, at 10-11. Respondents "contend that Petitioner is not entitled to a bond hearing," but they acknowledge that the Tenth Circuit's decision in *Santillan Quiroz*, 180 F.4th 1226, "compels a different outcome." Doc. 12, at 5. The undersigned agrees.

"[T]his Court has previously construed 8 U.S.C. § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking admission' for the section to control." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *1 (W.D. Okla. Apr. 20, 2026). "This conclusion is in accord with *Santillan Quiroz* [], in which the Tenth Circuit held that '§ 1225(b)(2)(A)'s application is limited to the border.'" *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *1 (W.D. Okla. July 14, 2026) (quoting *Santillan Quiroz*, 180 F.4th at 1240); *see Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who

entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner resided in the interior of the country for nearly two years, applied for asylum, withholding of removal, and protection under the CAT, and was detained in the interior of the country. Doc. 1, at 1, 6. Petitioner was not "seeking admission" at the border when ICE detained him. So he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez*, 2026 WL 2033144, at *2. Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13); *see also Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (concluding that detention of a noncitizen who had resided in the interior for years before ICE detained him "is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Respondents assert that any relief the Court grants should be "limited to ordering the Respondents to provide a bond hearing within seven days." Doc. 12, at 5. Petitioner specifically requests a bond hearing. Doc. 13, at 3. Because Petitioner is detained under § 1226(a), the undersigned concludes a bond

hearing is the appropriate remedy. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhono*v, 2026 WL 1865418, at *3. Here, the Government has not provided Petitioner with an individualized custody determination since his detention in December 2025. Doc. 1, at 8; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").[5]

**C. The Court should decline to address Petitioner's remaining claims.[6]**

[5] Petitioner requests the Court place the burden on the Government at a bond hearing to prove he is not a danger to the community or flight risk by clear and convincing evidence. Doc. 1, at 14. But the Court has previously declined to order burden shifting. *See, e.g.*, *Zhang v. U.S. District Court*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."). So the undersigned does not recommend it in this case.

[6] Respondents note that this is not Petitioner's first habeas petition. Doc. 12, at 8-12. Respondents also note that "[t]hey do not have cause to believe that the abuse-of-the-writ doctrine applies in this case[.]" *Id.* at 12. Petitioner sought relief in this Court in *Hussien v. Warden of Cimarron Correctional Facility, et al.,* CIV-26-004-PRW (*Hussien I*) and voluntarily dismissed without prejudice. *Hussien I*, Doc. 23. Petitioner then filed *Hussien v. Warden of*

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Zhang*, 2026 WL 2323190, at *2 n.1 ("Given this determination, the Court declines to address Petitioner's remaining claims at this time.").

**V. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide

---

*Cimarron Correctional Facility, et al.,* CIV-26-1645-PRW (W.D. Okla.) (*Hussien II*), which is nearly identical to the instant petition and remains pending. Petitioner "clarifies" that "[t]he duplication was inadvertent." Doc. 13, at 5. The undersigned takes notice of *Hussien II* and recommends that the Court dismiss it as moot.

a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 14, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 4th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").