**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AHMED GUMA ELTAYEB HUSSIEN, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-1722-PRW |
| WARDEN OF CIMARRON CORRECTIONAL FACILITY, et al., | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his ongoing detention by U.S. Immigration and Customs Enforcement ("ICE") as unlawful and unconstitutional. Petitioner asserts that he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a), whereas ICE contends that he is detained under 8 U.S.C. § 1225(b)(2)(A), which mandates detention On September 4, 2026, Magistrate Judge Suzanne Mitchell issued a Report and Recommendation (Dkt. 14) recommending that the Court grant in part Petitioner's request for habeas relief and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten days of the Court's order. Magistrate Judge Mitchell also recommended that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and promptly provide a copy of the order to counsel for the Warden of the Cimarron Correctional Facility, where Petitioner is detained.

The Government objects to Magistrate Judge Mitchell's determination that § 1226(a) controls Petitioner's detention,[1] but acknowledges that this matter is controlled by the Tenth Circuit's opinion in *Quiroz v. Mullin*,[2] which recently limited § 1225(b)(2)(A)'s reach to aliens detained at the border. Although they do not object to Magistrate Judge Mitchell's recommendation that the Court order them to certify their compliance with the Court's order, the Government does object to the recommendation that they provide a copy of the Court's order to counsel for the Warden.

Because the Petition alleges—and the government does not dispute—that ICE arrested Petitioner within the interior United States, *Quiroz* mandates that he is detained pursuant to § 1226(a), which entitles Petitioner to an individualized bond hearing. However, requiring the Government to provide a copy of the Court's order to counsel for the Warden is unnecessary given that the Warden is not responsible for setting bond hearings in the Immigration court or presiding over bond hearings, and ordinarily does not participate in bond hearings.[3]

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 14) **IN PART** and **GRANTS** the Petition (Dkt. 1) **IN PART**. The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within ten days

---

[1] *See* 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).

[2] 180 F.4th 1226 (10th Cir. 2026).

[3] EOIR Policy Manual, Part II, Chapter 8, § 8.3 – Bond Proceedings (Mar. 18, 2026) (stating that Immigration Courts conduct and schedule bond hearings).

of this Order. Respondents **SHALL** also certify their compliance with this Order by filing a status report within ten business days.

**IT IS SO ORDERED** this 1st day of October 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE